UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MARC DOUGLAS HOLCOMB, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO.   C05-316RSL |
| v. | ) | |
| | ) | |
| JAMES SPAULDING, | ) | REPORT & RECOMMENDATION |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

### INTRODUCTION

Petitioner Marc Douglas Holcomb has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction in state court for first-degree robbery. After reviewing the petition, respondent's answer, and the balance of the record, the court concludes that the petition should be denied with prejudice.

### BACKGROUND

The Washington Court of Appeals summarized the facts in petitioner's case as follows:

> On October 9, 2001, Marc Holcomb and an unidentified male entered the Union 76 gas station where Sampson Tekesete was working. Tekesete testified that he opened the cash register in response to the unidentified male's request for change. At that moment, Holcomb placed a hood or sack over Tekesete's head and approximately $150 was stolen out of the cash register. Tekesete struggled with Holcomb and managed to push the hood off sufficiently to see Holcomb's face just a few inches from his. Holcomb then punched Tekesete twice in the face and

REPORT & RECOMMENDATION
PAGE 1

tried to restrain Holcomb from chasing the unidentified male who was leaving the store. Holcomb then ran outside with Tekesete in pursuit. Tekesete caught up with Holcomb outside, and they continued to struggle. Holcomb punched Tekesete's face two more times and then another man helped detain Holcomb until the police arrived and arrested him.

Holcomb denied robbing the gas station, although he admitted carrying a pillow case recovered at the scene. According to Holcomb, he planned to use the pillow case to carry auto parts from a neighboring store. Holcomb said that he was in line at the gas station waiting to buy cigarettes when he saw a Native American man standing in front of him attack Tekesete and grab money out of the cash register. Holcomb testified that Tekesete grabbed him after falsely accusing him of the robbery and an altercation ensued which spilled out to the parking lot where a witness summoned police on her cell phone. The witness testified that she saw Tekesete chase down Holcomb and struggle to detain him. They both were requesting assistance. She said that a third man helped subdue Holcomb until police arrived . . . .

On appeal, after receiving Holcomb's appellate brief and reviewing Holcomb's claims pertaining to evidence of bodily injury, the State became aware that the verbatim transcript of Tekesete's testimony contained an error. In the original transcript, Tekesete testified that he was punched a total of four times, but when asked if it hurt, his response was entered as "No." Appellate counsel for the State contacted the deputy prosecuting attorney and confirmed that Tekesete's actual response to the question, "Did it hurt?" was to nod and shrug his shoulders, indicating an affirmative response. Appellate counsel for the State and Holcomb both reviewed the trial videotape and agreed that the transcript was erroneous. They submitted a stipulated motion to correct the transcript, which was granted by the trial court. The revised transcript now states:

Q. Okay. Did it hurt?
A. (INAUDIBLE) (Nodding affirmative response).

*State v. Holcomb,* Unpublished Opinion (Wash. Ct. App., May 12, 2003), 2003 WL 21055458

(Dkt. #17, Ex. 4 at 2-3).

Petitioner was convicted by a jury of first-degree robbery and was sentenced to 129 months in prison. (Dkt. #17, Ex. 1 at 4). He appealed to the Washington Court of Appeals, which affirmed his sentence and conviction. (*Id.*, Ex. 4). Petitioner petitioned the Washington Supreme Court for review and that court denied the petition. (*Id.*, Ex. 9). The Washington Court

REPORT & RECOMMENDATION
PAGE 2

of Appeals issued the mandate on March 18, 2004, terminating petitioner's state court appeal. (*Id.*, Ex. 10).

Petitioner submitted the instant habeas petition on February 22, 2005. Respondent filed an answer, along with the state court record, on May 13, 2005. (Dkt. #15, 16). Petitioner has not filed a response to the answer, and the habeas petition is now ready for review.

## GROUNDS FOR RELIEF

Petitioner raises the following grounds for relief in his habeas petition:

1. Insufficient Evidence to fine [sic] all the elements necessary to support the conviction.

2. Ineffective assistance of Counsel.

3. Vindictiveness of the prosecutor.

4. Violation of Speedy Trial Right.

(Dkt. #8 at 5-7).

## DISCUSSION

### Petitioner's Second, Third, and Fourth Grounds for Relief

Respondent argues at the outset that petitioner has failed to exhaust his second, third, and fourth claims in state court, and that he is now procedurally barred from bringing those claims here. The exhaustion doctrine has long been recognized as "one of the pillars of federal habeas corpus jurisprudence." *Calderon v. United States Dist. Ct. (Taylor)*, 134 F.3d 981, 984 (9th Cir.) (citations omitted), *cert. denied*, 525 U.S. 920 (1998). Underlying the exhaustion requirement is the principle that, as a matter of comity, state courts must be afforded "the first opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981). This principle is codified in the statute governing habeas corpus, which provides that "[a]n application

REPORT & RECOMMENDATION
PAGE 3

for a writ of habeas corpus . . . shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1).

In addition, a petitioner must not only present the state court with the *first* opportunity to remedy a constitutional violation, but a petitioner must also afford the state courts a *fair* opportunity. *Picard v. Connor*, 404 U.S. 270 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. *Harless*, 459 U.S. at 6. "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

Finally, a petitioner must raise in the state court all claims that can be raised there, even if the state court's review of such claims is purely discretionary. *See O'Sullivan v. Boerkel*, 526 U.S. 838, 841-47 (1999). In other words, a petitioner must invoke one complete round of a state's established appellate review process, including discretionary review in a state court of last resort, before presenting their claims to a federal court in a habeas petition. *Id.* at 842-44. Thus, in Washington state, a petitioner must seek discretionary review of a claim by the Washington Supreme Court in order to properly exhaust the claim and later present it in federal court for habeas review.

After reviewing the state court record, the court finds that petitioner failed to raise his second, third, or fourth claim in his petition for review to the Washington Supreme Court. (Dkt. #17, Ex. 7 & 8). Thus, he did not comply with the requirement that he invoke one complete round of a state's established appellate review process. *See* 526 U.S. at 842-44. Petitioner therefore failed to exhaust these claims. Because more than one year has passed since his

REPORT & RECOMMENDATION
PAGE 4

conviction became final, petitioner is now barred by the applicable statute of limitations from raising these claims in state court.[1]

When, as here, a petitioner is procedurally barred from bringing a claim in state court, the petitioner "may excuse the default and obtain federal review of his constitutional claims only by showing cause and prejudice, or by demonstrating that the failure to consider the claims will result in a 'fundamental miscarriage of justice.'" *See Noltie v. Peterson,* 9 F.3d 802, 806 (9th Cir. 1993) (citing *Coleman v. Thompson,* 501 U.S. 722 (1991)). Petitioner has failed to show that "cause and prejudice" exist excusing his default on the unexhausted claims. Nor has he shown that failure to consider the claims will result in a miscarriage of justice. Accordingly, petitioner's second, third, and fourth grounds for relief are barred from federal habeas review and should be denied.

<u>Petitioner's First Ground for Relief</u>

Before considering petitioner's first claim – that there was insufficient evidence to support his conviction – the court will first set forth the standard of review applicable to habeas petitions. Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's adjudication is *contrary to*, or involved an *unreasonable application* of, clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state

---

[1] Petitioner's conviction became final on March 18, 2004 and thus the time for filing a personal restraint petition in state court expired on March 17, 2005. *See* RCW § 10.73.090(1). Although there are exceptions to the one-year time limit for reasons such as newly-discovered evidence or a change in the law, petitioner has not argued that any of these exceptions apply to his case and it appears that none do. *See* RCW § 10.73.100.

REPORT & RECOMMENDATION
PAGE 5

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* The Supreme Court has further held that the phrase "unreasonable application" is not synonymous with "clear error." In *Lockyer v. Andrade,* 538 U.S. 63 (2003), the Supreme Court distinguished the two phrases as follows:

> The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness. **It is not enough that a federal habeas court, in its "independent review of the legal question" is left with a "firm conviction" that the state court was "erroneous."** . . . [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. **Rather, that application must be objectively unreasonable**.

538 U.S. at 68-69 (emphasis added; citations omitted). Thus, a state court's decision may be overturned only if its application of federal law is "objectively unreasonable." 538 U.S. at 69. In addition, under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only by "clear and convincing evidence." *Id.*

In reviewing a claim based upon sufficiency of the evidence, a federal habeas court must view the evidence in the light most favorable to the prosecution. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990). Review is sharply limited, and the federal court owes great deference to the trier of fact. *Wright v. West* 506 U.S. 390, 401 (1992). A conviction may rest exclusively on circumstantial evidence. *See Jeffries v. Blodgett*, 5 F.3d 1180, 1193-94 (9th Cir. 1993). Evidence

REPORT & RECOMMENDATION
PAGE 6

is sufficient if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

Petitioner contends there was insufficient evidence to support his conviction of first-degree robbery because the record does not contain "an affirmation of pain from the testimony of the victim." (Dkt. #8 at 5). Under Washington law, in order to convict an accused of first-degree robbery, the State must show that the accused inflicted "bodily injury." RCW 9A.56.200 (2000). "Bodily injury" was defined to the jury as "physical pain or injury . . . ." (Dkt. #17, Ex. 12, Instruction #7). Petitioner argues that the only evidence presented at trial was the "equivocal response" of the victim to the question of whether it hurt when petitioner hit him in the face.

Petitioner's argument ignores the fact that the original transcript of the victim's testimony was corrected. While the original transcript had the victim's response to the question of whether he was hurt, as "No," after reviewing the videotape of the trial, petitioner's appellate counsel agreed with the State's counsel that the transcript was inaccurate. (Dkt. #17, Ex. 13). The transcript was then revised, pursuant to an Order by the trial judge, to reflect that the victim had actually nodded, indicating an "affirmative response." (*Id.*) Thus, the record now contains an unequivocal response by the victim indicating that he was hurt by the punches thrown by petitioner.

The correction of the trial transcript to reflect the victim's actual testimony is a "factual determination" by the state court. As such, it is presumed correct. *See* 28 U.S.C. § 2254(e)(1). Petitioner does not present "clear and convincing" evidence – or, indeed, *any* evidence – to rebut this presumption. The state court held that this evidence of physical pain "demonstrates that there was sufficient evidence of bodily injury for a reasonable jury to convict [petitioner] of first degree

REPORT & RECOMMENDATION
PAGE 7

robbery." (Dkt. #17, Ex. 4 at 4). Petitioner fails to show that this decision was "objectively unreasonable." Therefore, petitioner's first ground for relief should be denied.

## CONCLUSION

Based on the foregoing discussion, the court should deny petitioner's petition for a writ of habeas corpus. A proposed Order accompanies this Report and Recommendation.

DATED this 15th day of July, 2005.

*/s/ M. J. Benton*
MONICA J. BENTON
United States Magistrate Judge

REPORT & RECOMMENDATION
PAGE 8